UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John Fralish, individually and on behalf of others similarly situated, | : | |
| | | Case No.: 2:22-CV-3403 |
| Plaintiff, | : | |
| | : | |
| -vs- | | **CLASS ACTION COMPLAINT** |
| | : | |
| SMARTFINANCIAL.COM INSURANCE LLC. | : | **Jury Trial Demanded** |
| | : | |
| Defendant. | | |

1. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2343 (2020).

2. Defendant SMARTFINANCIAL.COM INSURANCE LLC ("Smart Financial") repeatedly called Plaintiff's cell phone number, without the requisite consent, for the purpose of encouraging Plaintiff to purchase insurance goods and services, most notably in a cluster of calls that began in April 2022. Plaintiff never consented to these calls, and his phone number was on the National Do Not Call Registry when he received them.

3. Given the automated nature of robocall violations, and the cost of litigation as compared with individual recoveries, a class action is the only practicable means of obtaining redress for Smart Financial's illegal, telemarketing calls, and is consistent both with the TCPA's private right of action and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

4. Plaintiff John Fralish thus brings this action seeking money damages and injunctive relief on behalf of similarly situated persons, to secure redress for Smart Financial's nonconsensual,

1

telemarketing calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## INTRODUCTION

5. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes.... Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

6. As is relevant here, federal law under the TCPA gives consumers a private right of action to sue if they "receive[] more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the [TCPA] regulations." 47 U.S.C. § 227(c)(5). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(c)(5).

7. Relatedly, pertinent TCPA regulations clearly prohibit "telephone solicitations" to any residential phone subscriber who is registered on the national do-not-call registry. 47 C.F.R. § 64.1200(c)(2).

8. Defendant's telemarketing calls qualify as "telephone solicitations" under 47 CFR § 64.1200(c)(2).

9. Smart Financial made telephone solicitation to Plaintiff's cell phone, which he uses as a residential phone number, the number for which is registered on the national do-not-call registry, without Plaintiff's consent, and Plaintiff files this class action complaint on behalf of himself and others similarly situated, seeking relief from Smart Financial's illegal calling practices.

**PARTIES**

10. Plaintiff John Fralish is a natural person who resides in St. Joseph County, Indiana.

11. Defendant Smart Financial is an Ohio limited liability company actively registered with the Ohio Secretary of State. From the date of registration to the present, Smart Financial has reported its registered agent at an address in Columbus, Ohio, within this judicial district and division.

12. Smart Financial lists its principal place of business as Costa Mesa, CA, but represents that it "provid[es] real-time rates and insurance services in all 50 states[.]"[1]

13. On information and belief, Defendant maintains offices in this judicial district.

**JURISDICTION AND VENUE**

14. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *See also*, *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

15. The Court has personal jurisdiction over Smart Financial because it is subject to general personal jurisdiction in the State of Ohio because it is "at home" in this judicial district. *See BNSF Ry. Co. v. Tyrrell*, __ U.S. ____, 137 S.Ct. 1549, 1552 (2017) ("The 'paradigm' forums

---

[1] SmartFinancial.com. Footer. Last visited September 9, 2022.

in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business[.]").

16. As advertised on its online assets, Smart Financial provides services to the Ohio market.

17. Venue is appropriate in this District because it is the District in which Defendant resides. *See* 28 U.S.C. § 1391.

## FACTS

18. Plaintiff is the subscriber and user for residential cellular telephone number 571 - xxx - 5098 (the "Number") to which Smart Financial has made numerous calls that are telephone solicitations, without Plaintiff's consent.

19. Plaintiff registered the telephone Number on the National Do Not Call Registry on May 30, 2021. The Number has at all times since, and to this day continues to be on, the National Do No Call registry.

20. Plaintiff uses the Number and his cellular telephone as a personal residential telephone number.

21. Smart Financial called plaintiff's cellular telephone registered to the Number on at least the following occasions:

   a. April 20, 2022 – At approximately 9:48 AM (Eastern) – From the phone number 571-321-5890. Upon answering the call, there was 5-10 seconds of "dead air," and then a representative came on the line identifying themselves as being from "Smart Financial." The representative stated that they were calling for purposes of providing an auto insurance quote. Plaintiff stated to the representative that he was not familiar with Smart Financial or the purpose for the call, and Defendant's representative then disconnected the call without further discussion.

b. April 22, 2022 – At approximately 5:12 PM (Eastern) – From the phone number 571-321-5799. Upon answering the call, there was 5-10 seconds of "dead air," then an audible beep, and then a representative came on the line identifying themself as being from "Smart Financial." The representative stated that they were calling for purposes of providing an auto insurance quote.

c. Prior to April 20, 2022, Plaintiff received at least 10 additional calls from Defendant at the Number. Plaintiff expects Smart Financial to be able to identify all the calls it made to his and other class members' cell phones in discovery.

22. All of the calls Plaintiff received from Smart Financial were made without consent and were telephone solicitations.

23. Prior to Defendant initiating these calls to Plaintiff, Plaintiff had no communication with the Defendant and never provided the Number to Defendant.

24. As such, there was no "inquiry" or "established business relationship" as those terms/phrases are understood in the TCPA and relevant regulations. *See* 47 C.F.R. § 64.1200(f)(5).

25. The above calls were all made by Smart Financial for the purpose of encouraging Plaintiff to purchase insurance goods or services.

26. Plaintiff did not consent or otherwise agree to receive the calls at issue from Smart Financial to his cell phone number.

27. Smart Financial's violations were negligent. Alternatively, they were willful and knowing.

28. Plaintiff and the class have been damaged by Smart Financial's calls. Their seclusion and privacy was improperly invaded, Smart Financial's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Smart Financial's calls were annoying and a nuisance, and wasted the time

of Plaintiff and the class. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) (finding TCPA violations present concrete injury-in-fact sufficient for Article III standing); *Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (2012) (noting congressional findings of consumer "outrage" as to autodialed and prerecorded-voice calls).

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action under Federal Rule of Civil Procedure 23, on behalf of a class (the "Class") consisting of:

    **National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint through the date of class certification, (5) where prior to such telephone solicitations occurring, there did not exist written agreement with the recipient that included a disclosure informing the person signing that: (A) By executing the agreement, such person authorizes Smart Financial to deliver or cause to be delivered to the signatory telephonic solicitations; and (B) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

30. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

31. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable, given the size of Defendant's operations and the national scope of its services.

32. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

33. The class is ascertainable because it is defined by reference to objective criteria.

34. In addition, the members of the Class are identifiable in that, upon information and belief, their residential/cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

35. Common questions of law or fact exist as to all members of the class and subclass, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common include but are not limited to:

    a. Whether the calls to Plaintiff and the class were "telephone solicitations," as that phrase is defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether Smart Financial had valid express written consent of the subscribers who received such calls, before making such calls;

    c. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other class members are entitled to treble damages under 47 U.S.C. § 227(c).

36. Plaintiff's claims are typical of the claims of the other members of the class.

37. The factual and legal bases of Smart Financial's liability to Plaintiff and the other class and subclass members are the same: Smart Financial violated the TCPA by causing telephone solicitations to be made to the cellular/residential telephone number of each member of the class, which were registered on the national do-not-call registry.

38. Plaintiff's claims, and the claim of the members of the class, originate from the same conduct, practice, and procedure on the part of the Defendant.

39. Plaintiff suffered the same injuries as the members of the Class.

40. Plaintiff will fairly and adequately protect the interests of the Class.

41. Plaintiff has no interests that might conflict with the interests of the Class.

42. Plaintiff is interested in pursuing his claims vigorously.

43. Plaintiff has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

44. Plaintiff's counsel will vigorously pursue this matter.

45. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

46. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, at least one thousand class members, such that joinder of all members is impracticable.

47. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

48. Smart Financial have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class and subclass, thereby making relief appropriate with respect to the class as a whole.

49. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

50. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

51. The pursuit of Plaintiff's claims, and the claims of the Class members, in one forum will achieve efficiency and promote judicial economy.

### COUNT I - DNC TCPA Violations

52. Plaintiff re-alleges and incorporates all prior allegations.

53. Plaintiff brings this count on behalf of himself and the Class.

54. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

55. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

56. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

57. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a

listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

59. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff John Fralish, individually and on behalf of the Class, prays for relief and judgment, as follows:

(1) Certification of the class alleged herein;

(2) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

(3) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

(4) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

(5) Enjoining Defendant from continuing its violative behavior, including continuing to make telephone solicitation to telephone numbers registered with the DNC Registry for at least thirty days;

(6) Awarding Plaintiff and the member of the Class damages under 47 U.S.C. § 227(c)(5)(B);

(7) Awarding Plaintiff and the member of the Class treble damages under 47 U.S.C. § 227(c)(5)(C);

(8) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

(9) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

(10) Awarding such other and further relief as the Court may deem just and proper.

### Jury Demand

Plaintiff demands a jury trial of all issues so triable.


Dated: September 9, 2022        Respectfully submitted,

/s/ Alexander J. Darr
Alexander J. Darr (0087102)
Darr Law LLC
1391 W 5TH AVE, STE 313
COLUMBUS, OHIO 43212

*Trial Attorney for Plaintiff,*
John Fralish